UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERRENCE LEROY WRIGHT EL, )
)
Petitioner, )
)
v. ) Civil Action No. 14-908
)
STATE OF NORTH CAROLINA, )
GRAHAM COUNTY, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

The petitioner's criminal history has been summarized as follows:

> In April 1995, Petitioner was convicted of murder and other crimes in Graham County, North Carolina. Petitioner was sentenced to life imprisonment pursuant to a North Carolina state court judgment. Subsequently, Petitioner was sent to Charleston County, South Carolina in December 1998 to be tried on criminal charges under South Carolina state law. In March 1999, Petitioner was convicted of murder, burglary, criminal sexual conduct, and grand larceny in Charleston County, South Carolina. Petitioner was sentenced to life imprisonment to run consecutive to his North Carolina sentence. In June 1999, Petitioner was sent back to North Carolina and a detainer was placed on him by the State of South Carolina. Petitioner is currently in custody of the NCDC serving his North Carolina sentence.

*Wright El v. South Carolina*, No. 3:11-3100, 2012 WL 1605118, at *1 (D.S.C. May 8, 2012); *see* Compl. at 1-2 (page numbers designated by the petitioner). According to the petitioner, because of his status as a Moorish American National Citizen, Compl. at 21, the North Carolina and South Carolina have no jurisdiction over him, and, therefore, their criminal judgments are "void

and nullities," *id.* at 23.[1]  The petitioner demands not only that he "be released immediately" from custody, but also that he be paid compensation "for 21 years in prison" at the rate of "$1.6 million per day." *Id.*

Insofar as the petitioner demands his immediate release from custody, the Court construes the petition as one for a writ of habeas corpus. A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who in this case is the warden of the Nash Correctional Institution in Nashville, North Carolina. Because a "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), this forum is not appropriate for adjudication of the petitioner's habeas claim.

Insofar as the petitioner asserts that his incarceration violates the United States Constitution and that compensatory damages are warranted, the claims fail. "[A] criminal defendant may not recover damages under 42 U.S.C. § 1983 for 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

---

[1] The Court notes that the petitioner unsuccessfully has challenged the courts' jurisdiction on the basis of his purported status as a Moorish American National. *See, e.g., Wright-El v. Jackson*, No. 2:12-cv-6, 2012 WL 3614452, at *2 (W.D.N.C. Aug. 21, 2012) ("[T]his District has found that claims like Petitioner's, regarding the independence of so-called Moorish nationals, are frivolous."); *Wright v. Brooms*, No. 2:11-mc-00003, 2012 WL 1944917, at *2 (W.D.N.C. May 30, 2012), *aff'd per curiam*, 490 F. App'x 599 (4th Cir. 2012).

issuance of a writ of habeas corpus.'" *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The Court "must consider whether a judgment in favor of the [petitioner] would necessarily imply the invalidity of his conviction or sentence; if it would, the [petition] must be dismissed unless the [petitioner] can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. If the petitioner's allegations were proved true, the Court's ruling would undermine the validity of his criminal convictions. Because the petitioner has not demonstrated that his convictions or sentences have been invalidated, his claim for damages must be dismissed.

The Court will grant the petitioner's application to proceed *in forma pauperis* and dismiss the petition. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6/6/2014

United States District Judge